# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MATILDE VIGIL,

           Plaintiff,

v.                                               CIV 99-555 JP/KBM

KENNETH S. APFEL,
Commissioner of Social Security,

           Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on Plaintiff's (Vigil's) Motion to Reverse, or in the Alternative, to Remand for a Rehearing *(Doc. 11)*. The Commissioner of Social Security issued a final decision denying Vigil's application for disability insurance benefits and supplemental security income. Having considered the arguments, pleadings, administrative record, relevant law, and being otherwise fully informed, I find that the motion is well taken in part and recommend that it be granted in part.

### A. Facts/Procedural Background

Vigil, who is now 61 years old, applied for disability insurance benefits April 2, 1992 and for supplemental security income November 19, 1992. *AR 33, 43*. She alleged disability that commenced on July 15, 1991, due to arthritis of the knee and pain. *AR 33, 44, 61*. The administrative law judge found Vigil not disabled, and the Appeals Council declined review. *AR 22, 3-4*. On appeal to this Court, the Commissioner filed an agreed motion to remand the case for

further proceedings because of the need for mental status and rheumatologic examinations. *AR 284*.

On remand, a different ALJ found Vigil not disabled on the ground that she could perform her past relevant work or work that exists in the national economy. *AR 203*. The Appeals Council again declined review, *AR 175*, making the ALJ's decision the final decision of Commissioner for purposes of review by this Court. 42 U.S.C. § 405(g).

### B. Standard of Review and Applicable Law

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. *Hamilton v. Secretary of Health and Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

To qualify for disability insurance benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months, which prevents the claimant from engaging in substantial gainful activity. *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993) (construing 42 U.S.C. § 423(d)(1)(A)). The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. §§ 404.1520 and 416.920. The sequential evaluation process ends if at any step the Commissioner finds that the claimant is or is not disabled. *Thompson*, 987 F.2d at 1486.

At the first four levels of the sequential evaluation process, the claimant must show that

(1) she is not engaged in substantial gainful employment; (2) she has an impairment or combination of impairments severe enough to limit her ability to do basic work activities; (3) her impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1; or (4) she is unable to perform work she had done in the past. 20 C.F.R. §§ 404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show that the claimant can perform other substantial gainful activity considering her residual functional capacity, age, education, and prior work experience. *Id.*

## C. Issues

Vigil argues that the ALJ made four errors: (1) his finding that Vigil's mental impairment was not disabling was contrary to the evidence and the law; (2) the ALJ denied Vigil due process during the hearing; (3) the ALJ failed to comply with the remand instructions in failing to have a specialist perform a rheumatologic examination; and (4) his credibility determination was contrary to the evidence and the law. I conclude that Vigil's first and fourth issues have merit and therefore recommend that the Court remand the case for further consideration of them.

## D. Discussion

*1. The ALJ failed to discuss evidence he rejected concerning Vigil's severe depression.*

The ALJ found that Vigil could perform past relevant work and alternatively that she could perform light work that exists in the national economy. *AR 203*. He did so despite strong evidence that Vigil's depression was disabling. First, Mark L. Whitehead, Ph.D., who performed IQ and personality tests on Vigil, concluded that Vigil was "quite set in her ways and without significant psychological intervention, is unlikely to experience major change. She has little

insight into her own problems and is quite psychologically disabled." *AR 159*. Dr. Whitehead also assessed Vigil's global assessment of functioning as indicating "major impairment in work, judgment, family relations, and mood." *AR 160*.

Psychiatrist Jorge Vargas performed a consultative examination of Vigil. Aside from noting several positive things about Vigil, Vargas made a specific conclusion that Vigil's "ability to relate to others, including fellow workers and supervisors is diminished and is of fair quality at best. . . . I do not believe that she would be successful at withstanding the stresses and pressures associated with day-to-day work activity." *AR 296*.

Although the ALJ acknowledged these opinions, he failed to explain why he rejected them. *AR 191-92* Yet, an ALJ "must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996) (citations omitted).

I am mindful that the Court must not reweigh the evidence. I disagree with the Commissioner, however, that this issue is one about the weight of evidence. All the medical opinions of record concluded that Vigil was psychologically disabled from doing work, while there was no medical opinion that found otherwise. Thus, any conflict in the evidence would have been within the opinions of Drs. Whitehead and Vargas themselves. In other words, the ALJ may have substituted his judgment for that of the doctors in their conclusions, which he may not do. *See Sisco v. Department of Health & Human Servs.*, 10 F.3d 739, 743 (10th Cir. 1993). I therefore recommend that the Court remand the case to the ALJ with instructions to discuss his reasons for rejecting these medical opinions, or to award Vigil full benefits.

*2. The ALJ did not deny Vigil due process at the hearing.*

Vigil contends that the ALJ denied her due process at the hearing in two ways: (1) by failing to permit a hypothetical question to the vocational expert to include limitations found by Dr. Vargas; and (2) for refusing to let her speak at the end of the hearing. I disagree. Vigil cites to no authority holding that such actions rise to the level of a due process violation.

Moreover, the ALJ need not include limitations the ALJ does not find to exist. *Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1992) (hypothetical questions must accurately reflect mental and physical impairments that the ALJ finds to exist). In this case, the ALJ's exclusion of the limitations merely diminished the value of the vocational expert's testimony. It did not, however, deny her due process.

I also find that the ALJ's refusal to let Vigil speak at the end of the hearing did not deny her due process. Vigil had already testified throughout most of the hearing. Because I find no merit in these assertions, I do not address whether Vigil waived these issues under *James v. Chater*, 96 F.3d 1341 (10th Cir. 1996).

*3. The ALJ sufficiently complied with the remand instructions.*

Vigil argues that the ALJ failed to comply with the remand instructions by not ordering a rheumatologic examination. The Commissioner argues that the remand instruction to perform such an examination is merely a "scrivener's error." Nevertheless, the record reflects that Dr. Walter Trafton evaluated Vigil's complaints of arthritis, and found her within normal limits. *AR 297-303*. Laboratory results further support that conclusion. I can find no grounds for assigning error on this point.

*4. The ALJ improperly discounted Vigil's credibility regarding her pain.*

Vigil argues that the ALJ erred in not considering that her pain was linked to her anxiety and depression.

> When medical signs and laboratory findings do not substantiate any physical impairment capable of producing the alleged pain (and a favorable determination cannot be made on the basis of the total record), the possibility of a mental impairment as the basis for the pain should be investigated.

*Social Security Ruling 88-13.* Though the ALJ discussed Vigil's depression, he only discussed her physical ailments as possible bases for her pain. *AR 198-200.* Aside from Vigil's mental impairment, I agree with the Commissioner that the general lack of objective evidence of pain producing impairments supported the ALJ's decision that Vigil did not suffer pain to the degree she alleged. In light of the extensive evidence in the record that Vigil's depression and complaints of pain were associated, however, I conclude that the ALJ should have investigated the possibility that Vigil's pain resulted from her mental impairments.

### E. Conclusion.

For the foregoing reasons, I recommend that the Court remand the case to the Commissioner for further proceedings to give specific reasons for rejecting the uncontroverted opinions of Drs. Whitehead and Vargas finding Vigil disabled. The ALJ should also reconsider Vigil's allegations of pain in connection with her depression.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the United States District Court pursuant to 28 U.S.C. § 636

> **(b)(1). A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE

Counsel for Plaintiff:  Francesca J. MacDowell
                        Gary J. Martone
                        A. Michele Baca
                        Albuquerque, New Mexico

Counsel for Defendant:  Christopher Carillo, Special AUSA
                        Dallas, Texas